IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUGUSTUS HEBREW EVANS, JR., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. Act. No. 22-301-RGA |
| | : |
| LT. JOHN FAULKNER, et al., | : |
| | : |
| Defendants. | : |

**MEMORANDUM**

1. **Introduction.** Plaintiff Augustus Hebrew Evans, Jr. ("Plaintiff"), SBI No. 191247, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights and raising supplemental state claims. He proceeds *pro se* and moves for leave to proceed *in forma pauperis*.[1] (D.I. 1). The Court once again considers Plaintiff's motion for leave to proceed *in forma pauperis*.

2. **Legal Standards.** The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. *See Ball v. Famiglio*, 726 F.3d 448, 455-56 (3d Cir. 2014) (citing 28 U.S.C. § 1915(g) and discussing what qualifies as a strike

---

[1] This Court denied the motion for leave to proceed *in forma pauperis* and ordered Plaintiff to provide a sworn statement regarding settlement monies he received in 2020. (D.I. 8). Plaintiff's filing indicates that those monies are "deleted." (D.I. 9). I am satisfied he is properly claiming IFP status.

1

under the PLRA).   A case dismissed as frivolous prior to the enactment of the PLRA (*i.e.*, April 26, 1996) is counted when applying the "three strikes rule."   *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997).   An exception is made to the "three strikes rule", when the prisoner is in imminent danger of serious physical injury.   A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. § 1915(g).

3.     **Background**.   Plaintiff, while incarcerated, has filed twenty-six cases, about twenty-four of which I would call civil actions, and more than three of the civil actions have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.   *See, e.g., Evans v. Graves,* Civ. Act. No. 17-54-RGA, D.I. 15 (D. Del. June 12, 2017) (dismissed as frivolous)*; Evans v. Seaford Police Dep't*, Civ. No. 11-195-LPS (D. Del. Apr. 3, 2012) (dismissed as frivolous); *Evans v. Wright*, Civ. No. 07-656-JJF, (D. Del. Feb. 21, 2008) (dismissed for failure to state a claim upon which relief may be granted); *Evans v. McMillan*, Civ. No. 07-591-JJF (D. Del. Dec. 10, 2007) (dismissed as frivolous and for failure to state a claim upon which relief may be granted); and *Evans v. Sussex Correctional Inst*., Civ. No. 92-619-LOT (D. Del. June 13, 1993).   Therefore, Plaintiff may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint.   28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001).   Plaintiff concedes that the three strikes rule applies to him. (D.I. 5 at 1).

4.  In addition to the Complaint, Plaintiff filed a declaration regarding imminent danger. (D.I. 5). After reviewing the Complaint and declaration, the Court concludes that Plaintiff has not adequately alleged that at time of the filing of the complaint he was under imminent danger of serious physical injury. *See Williams v. Forte*, 135 F. App'x 520 (3d Cir. 2005) (allegations of lack of medical treatment satisfy threshold criterion of the imminent danger exception); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001) (en banc). Plaintiff alleges that when he was moved from a single cell to a cell in medium security, he advised prison personnel that he must be housed alone. Instead, a cellmate was placed in his cell, and the cellie attacked and injured Plaintiff. Plaintiff alleges that the cellmate was placed in his cell in retaliation by Defendants. Plaintiff received mental health treatment on numerous occasions during the relevant time-frame. Plaintiff was ultimately moved to maximum security and is housed alone. Plaintiff does not allege "imminent harm". Rather, he complains of his fear of future retaliation. This does not meet the threshold criterion of the imminent danger exception. Based upon the foregoing, Plaintiff is not excused from the restrictions under § 1915(g), and he may not proceed *in forma pauperis*.

THEREFORE, IT IS HEREBY ORDERED this 6th day of May that:

1.  Plaintiff is **DENIED** leave to proceed *in forma pauperis*. (D.I. 1).

2.  Plaintiff is given thirty (30) days from the date of this Order to pay the $402.00 filing fee. If Plaintiff does not pay the filing fee within that time, the Complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE